## POSTAL TELEGRAPH CO. v. CITY OF PORTLAND.

(District Court, D. Oregon. December 6, 1915.)

No. 6894.

1. LICENSES ☞5—TELEGRAPH COMPANIES—EFFECT OF POST ROADS ACT.

Post Roads Act July 24, 1866, c. 230, 14 Stat. 221 (Comp. St. 1913, §§ 10072–10077), granting the right to telegraph companies to use the military and post roads of the United States for their poles and wires, is permissive in character only, and does not create corporate rights or privileges to carry on the business of telegraphy which are derived from the laws of the state under which the company is incorporated, and the state is not by reason of such act prevented from taxing the real or personal property of the company within its borders, nor from imposing a license tax upon the right to do a local business within the state.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 4, 19; Dec. Dig. ☞5.]

2. COMMERCE ☞69—ORDINANCE IMPOSING LICENSE TAX—VALIDITY.

A city ordinance, imposing a license tax on telegraph companies for the privilege of doing business in the city, expressly limited to local business within the state, is not invalid, as imposing a burden on interstate commerce, as applied to a company which also does an interstate business.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 100, 113–119; Dec. Dig. ☞69.]

3. CONSTITUTIONAL LAW ☞68—REASONABLENESS OF TAX—POWER OF COURTS TO DETERMINE.

The question of the reasonableness of a tax of any kind is largely legislative in character, and unless a court may say that it is arbitrary, or imposed for oppression, or through some ulterior motive, it must be held valid.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 125–127; Dec. Dig. ☞68.]

In Equity. Suit by the Postal Telegraph Company against the City of Portland. On motion to dismiss bill. Motion granted.

Wm. D. Fenton, Ben C. Dey, Alfred A. Hampson, and Kenneth L. Fenton, all of Portland, Or., for complainant.

W. P. La Roche, City Atty., and Stanley Myers, both of Portland, Or., for defendant.

WOLVERTON, District Judge. This is a suit to enjoin the enforcement of a license tax exacted by the city from the complainant. The complainant is a telegraph company, engaged in sending and receiving messages to and from different parts of the United States

and to and from different countries of the world, as well as doing an intrastate business. The company is a domestic corporation; that is to say, it was organized under the laws of the state, having its principal place of business in the city of Portland. It has also accepted the provisions of the Post Roads Act of Congress, approved July 24, 1866, and is entitled to the benefits and privileges of the act.

Ordinance No. 29788 of the city of Portland requires the payment of a license fee of $75 per quarter for the privilege of doing business within the city of Portland. This ordinance was amended by Ordinance No. 30,337, by adding a new section, being section 19, which reads:

"That part of this ordinance providing for the licensing of persons engaged in the telegraph business shall be construed to apply to each and every person, firm, corporation, or joint-stock company commonly known as a telegraph company or agency engaged in the business of sending telegrams for hire from the city of Portland to a point within the state of Oregon, or receiving telegrams in the city of Portland from a point within the state of Oregon, and not including any business done to or from points outside of the state of Oregon, and not including any business done for the government of the United States, its officers or agents."

A motion to dismiss has been interposed, and this brings to a test the sufficiency of the complaint. But one question was presented at the argument, namely, whether this ordinance imposes a burden upon the complainant's interstate commerce business, and, if so, whether, for that reason, the ordinance is void. The license is, in itself, a privilege or occupation tax, a tax imposed upon the right to do business in the city of Portland, and is for the purpose of revenue. Such a tax is a valid exercise of the power of the city to license or tax. City of Portland v. Portland Gas & Coke Co. (Or.) 150 Pac. 273.

[1] The privilege granted by Congress under the Post Roads Act to use the military and post roads of the United States for the poles and wires of the company is permissive in character only, and is not to be regarded as creating corporate rights or privileges to carry on the business of telegraphy. Those rights and privileges are derived from the laws of the state under which the company is incorporated, and the state is not, by reason of the Post Roads Act, prevented from taxing the real or personal property belonging to the company within its borders, nor from imposing a license tax upon the right to do a local business within the state. Williams v. Talladega, 226 U. S. 404, 416, 33 Sup. Ct. 116, 57 L. Ed. 275. See, also, Western Union Telegraph Co. v. Gottlieb, 190 U. S. 412, 23 Sup. Ct. 730, 47 L. Ed. 1116.

[2] Nor is such a franchise or occupation tax as here exacted per se void as imposing a burden upon interstate commerce. The ordinance is hedged about by the restriction that it shall apply only to messages transmitted to and from Portland from and to points within the state of Oregon, and not to any business done for the government. Such a case, in its exact lines, almost, was presented by Postal Telegraph Cable Co. v. Charleston, 153 U. S. 692, 14 Sup. Ct. 1094, 38 L. Ed. 871, and the Supreme Court upheld the ordinance.

[3] But counsel for plaintiff claim that, through careful calculation, the revenues derived solely from its intrastate business are found

to be less than the ratable expenses attributable to carrying the local business. The deficiency, it is urged, must be made up out of the revenues derived from interstate business, if the plaintiff continues to do business within the state. Hence it is said that the company's interstate business is burdened with the deficiency. This proposition was touched upon in the Talladega Case, supra, and it was there said that:

"The reasonableness of the ordinance, unless some federal right set up and claimed is violated, is a matter for the state to determine."

The question of the reasonableness of a tax of any kind is largely legislative in character, and I am of the opinion that, unless it is so wholly disproportionate to the object and purposes for which it is levied as that a court of justice may say that it is arbitrary, or imposed for oppression or through some ulterior motive, the tax must be held to be valid. The plaintiff in transacting an interstate business is not bound to transact a local business, and, if it chooses to engage in a local business, there exists no good reason why it should not be taxed the same as a concern doing a wholly local business.

Now, applying the principle suggested, the court could not say that this tax of $75 per quarter would be exorbitant and oppressive if exacted from a concern engaged in purely local business. For a like or analogous reason, this court cannot say that the tax in question is void as a burden on interstate commerce. The fact that it is convenient for the telegraph company to engage in the local business, or the fact, if it be a fact, that the local business operates in aid of its general, or interstate, or international business, does not alter the legal question, because in local concerns the state or municipality may exercise the power of taxation, and this power is not trenched upon by a delegation of authority and control over interstate commerce to the general government.

The motion to dismiss will be sustained.